IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 22, 2010

## STATE OF TENNESSEE v. BROOKE LEE WHITAKER

**Direct Appeal from the Circuit Court for Bedford County**
**No. 16774     Robert Crigler, Judge**

---

**No. M2009-02449-CCA-R3-CD - Filed May 31, 2011**

---

Defendant, Brooke Lee Whitaker, was indicted for aggravated rape. Pursuant to a negotiated plea agreement, she was allowed to plead guilty to the lesser included offense of rape, with the trial court to determine the length of the sentence after a sentencing hearing. Defendant was sentenced to serve twelve years, and she appeals, arguing that the sentence is excessive. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and J.C. MCLIN, JJ., joined.

Roger Clay Parker, Shelbyville, Tennessee, for the appellant, Brooke Lee Whitaker.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

The recitation of the facts by the Assistant District Attorney General at Defendant's guilty plea hearing provides the following information. In August 2008, Defendant and five other women, including the victim, were all housed in the same cell in the Bedford County jail. After lights were shut off and the cell was locked on the night of August 20, Defendant and one other inmate in the cell approached the victim. The victim was in her own bunk bed. Defendant and the other inmate held down the victim and began sexually assaulting her. They digitally penetrated the victim's vagina and also performed cunnilingus on the victim. Defendant yelled for other women present to help hold down the victim, and two additional

inmates proceeded to assist in holding down the victim while the sexual assault continued. The victim reported the sexual assault the following day.

No witnesses testified at the sentencing hearing. Defendant offered no exhibits to the hearing. The trial court admitted the pre-sentence report and a supplement to that report as exhibits, after they were submitted by the State.

At the time of the offense which is the subject of this appeal, Defendant had not been convicted of felony offenses which would elevate sentencing for the Class B felony of rape above Range I. However, she was being held in the Bedford County jail at the time of the offense pending disposition of felony charges to which she pled guilty in September 2008. By the time she was sentenced in the case *sub judice*, Defendant had been convicted of a felony drug offense involving Schedule II drugs, reckless aggravated assault, forgery, and two felony offenses of failure to appear. Defendant was twenty-six years old at the time of sentencing. Prior to committing the offense in this case, Defendant had numerous misdemeanor convictions, including four convictions for assault, one for theft, fifteen convictions for worthless checks, six misdemeanor drug convictions, a conviction for domestic violence, and a conviction for driving on a revoked license. Defendant reported to the pre-sentence investigating officer that she had used alcohol socially since age 11, and had used crack cocaine, powder cocaine, marijuana, and ecstasy since her early teens. She reported having obtained her GED. According to the pre-sentence report, she was employed for three months in 2008 as a CNA at a convalescence home, and for a total of less than one hundred hours, during the nineteen months from May 2006 to December 2007 and for seven months in 2002, as a temporary employee of Ranstad North America.

At the time of imposition of the sentence, the trial court specifically found that enhancement factor (1), Defendant's criminal record and criminal behavior, justified the maximum allowable sentence of twelve years. In addition, the trial court applied enhancement factor (13), because the offense occurred while Defendant was incarcerated on felony charges. Also, the trial court applied enhancement factor (8), because she had previously had probation sentences revoked on at least seven occasions. The trial court mentioned two other enhancement factors as being applicable, factor (2), the Defendant was a leader in the commission of the offense, and factor (7), the Defendant committed the offense to gratify her desire for pleasure or excitement. However, the trial court reiterated that factor (1) was sufficient alone and certainly combined with factors "(8) and/or (13)" to justify a twelve-year sentence. *See* Tenn. Code. Ann. § 40-35-114(1), (2), (7), (8), and (13).

Defendant argues that the weight given the enhancement factors by the trial court did not comply with the purposes and principles of the 1989 Sentencing Act, and therefore the sentence is excessive and should be reduced.

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. *See* Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; *see also State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999); *see also State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991); *see also Carter*, 254 S.W.3d at 344-45.

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); *see also Carter*, 254 S.W.3d at 343; *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002).

The Defendant's conduct occurred subsequent to the enactment of the 2005 amendments to the Sentencing Act, which became effective June 7, 2005. The amended statute no longer imposes a presumptive sentence. *Carter*, 254 S.W.3d at 343. As further explained by our supreme court in *Carter*,

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." [Tenn. Code Ann.] § 40-35-210(d). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," [Tenn. Code Ann.] § 40-35-102(1), a

punishment sufficient "to prevent crime and promote respect for the law," [Tenn. Code Ann.] § 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," [Tenn. Code Ann.] § 40-35-103(5).

*Id*. (footnote omitted).

The 2005 Amendment to the Sentencing Act deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered these factors merely advisory, as opposed to binding, upon the trial court's sentencing decision. *Id*. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. *Id*. at 344. The trial court's weighing of various mitigating and enhancing factors is now left to the trial court's sound discretion. *Id*. Thus, the 2005 revision to Tennessee Code Annotated section 40-35-210 increases the amount of discretion a trial court exercises when imposing a sentencing term. *Id*. at 344.

Based upon our review of the entire record, with the applicable law in mind, it is clear that the trial court appropriately sentenced Defendant to serve twelve years.

## CONCLUSION

Finding no error by the trial court, the judgment is affirmed.

_____
THOMAS T. WOODALL, JUDGE